**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20096-01-KHV |
| CHAD GREEN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's Application For Stay Of Magistrate Judge's Release Order And Motion To Review Release Order (Doc. #10) filed August 3, 2010. On August 5, 2010, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

On July 14, 2010, a grand jury returned an indictment which charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). See Indictment (Doc. #1). After a detention hearing, Magistrate Judge David J. Waxse ordered that defendant be released pending trial.

## Standard Of Review

The government may seek review of a magistrate judge's order of release. See 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of release. See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003); United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). The district court must make its own *de novo* determination of the facts and legal conclusion with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d

at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See 18 U.S.C. § 3142(f).

## **Standards For Detention**

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government has the burden of proof to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of

other persons and the community.[1]  Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government).  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  Id. at 1252.

**Factual Background**

Based on the parties' request, the Court incorporates the Pretrial Services Report and the record of the proceedings conducted by the magistrate judge.  In addition, the government proffered the following evidence concerning the current charge against defendant.

On July 11, 2010 at approximately 3:00 a.m., defendant drove his truck into an apartment parking lot and struck another vehicle.  Defendant got out of the truck, removed a handgun from a bag and fired at least two rounds into the air with other individuals in close proximity.  Defendant then walked around the apartment building where he fired at least three more rounds.  As police officers arrived on the scene, they heard a metallic clatter near the roof on the side of the apartment building.  Shortly thereafter, defendant walked around the building.  After witnesses identified defendant as the one firing the handgun, officers took him into custody.  Officers found a Taurus .40 caliber handgun in the gutter of the building on the same side where officers had heard the metallic clatter.  Defendant appeared to be under the influence of alcohol based on the odor of his breath.  Officers determined that defendant had a prior felony conviction and arrested him.  After officers advised defendant of his Miranda rights, he said that he had not been shooting at anyone,

---

[1] The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with certain offenses listed in 18 U.S.C. § 3142(e)(3), but here defendant is not charged with a listed offense.  Accordingly, no presumption arises in this case.

but had fired the shots in the air and then threw the gun into the gutter.

## Analysis

**I.     Nature And Circumstances Of The Offense**

Under Section 3142(g), the Court considers the nature and circumstances of the offense charged including whether the offense is a "crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g). Here, the offense involves a firearm. In addition, defendant recklessly fired at least five rounds from the firearm with no provocation. The nature of the offense favors detention.

**II.    Weight Of The Evidence**

As noted, the government proffered very strong evidence that defendant committed the charged offense on July 11, 2010. Defendant does not contest the evidence which the government proffered. The weight of evidence favors detention.

**III.   History And Characteristics Of Defendant**

Defendant is 37 years old. Defendant maintains regular contact with his mother who resides in Kansas City, Kansas and who is willing to co-sign a release bond.

Except for providing nursing care for his mother for three months earlier this year, defendant has no employment history.

Defendant has a significant criminal history. In 1991, at the age of 17, following conviction for aggravated assault involving a firearm, the Wyandotte County District Court sentenced defendant to 24 to 60 months in prison. The Kansas Department of Corrections ("KDOC") placed defendant on parole in July of 1992, but in October of 1992, he was charged with aggravated battery. The Wyandotte County District Court sentenced defendant to 36 to 120 months in prison on the

aggravated battery charge. In September of 1995, the KDOC placed defendant on parole. In December of 2000, following conviction for possession of cocaine, the Kansas City, Kansas Municipal Court placed defendant on probation. In April of 2001, after a probation violation, defendant's probation was revoked. Defendant remained in state custody from April of 2001 through March of 2003. In 2006, following conviction for fleeing and eluding law enforcement officers, the Wyandotte County District Court placed defendant on 12 months probation. In November of 2008, law enforcement arrested defendant for driving under the influence of alcohol. The state court ordered defendant to receive inpatient substance abuse treatment, but he did not successfully complete the treatment.

Defendant's family ties to Kansas City, Kansas suggest that he is not a flight risk. Defendant's criminal history and lack of stable employment, however, raise doubt whether he would follow conditions of pretrial release.

**IV.  Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, the government has shown by clear and convincing evidence that defendant would pose a risk of physical danger to the community. As noted, defendant recklessly discharged at least five rounds from a firearm. Defendant has a substance abuse history and he apparently committed the instant offense while under the influence of alcohol. Defendant has demonstrated a propensity to carry a weapon despite his convicted felon status. Based on this evidence, in light of defendant's criminal history and economic circumstances, the Court concludes that defendant poses a danger to other members of the community.

## V. Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure the safety of the community. The government has carried its burden of proving that pretrial detention of defendant is warranted.

**IT IS THEREFORE ORDERED** that the government's Application For Stay Of Magistrate Judge's Release Order And Motion To Review Release Order (Doc. #10) filed August 3, 2010 be and hereby is **SUSTAINED**. Defendant shall remain detained pending trial.

Dated this 6th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge