IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 10-20096-01-KHV** |
| **CHAD GREEN,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's letter (Doc. #66), which the Court construes as a motion for placement in a residential release center. In considering placements in residential release centers, the Bureau of Prisons considers a number of factors, including any statement by the sentencing court concerning the purposes of the sentence of incarceration and any recommendation by the sentencing court regarding the type of penal or correctional facility. 18 U.S.C. § 3621(b)(4). At sentencing, defendant did not ask for any recommendation regarding placement in a residential re-entry center during the final months of his sentence, and the Court did not specifically address the issue. Defendant effectively seeks to have his sentence amended to include such a recommendation.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been

sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to amend defendant's sentence at this time to include a specific recommendation on placement in a residential re-entry facility.[1]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #66) filed June 11, 2015, which the Court construes as a motion to request placement in a residential release center, be and hereby is **OVERRULED**.

Dated this 22nd day of June, 2015 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[1] Even if the Court had jurisdiction to make such a recommendation at this time, it would not do so. The Bureau of Prisons routinely decides the timing of placement in a residential re-entry facility without the benefit of the sentencing court's recommendation on the issue. The Court does not necessarily oppose pre-release placement in a residential re-entry facility, but the Bureau of Prisons is the entity which ordinarily makes this determination. See Pasonick v. Strada, No. 12 cv 6204(SLT), 2013 WL 431332, *2 (E.D.N.Y. Feb. 4, 2013) (BOP retains discretion under Second Chance Act to decide whether and when inmate should be placed at residential re-entry facility); 18 U.S.C. § 3621(b) (order, recommendation or request by sentencing court that defendant serve term of imprisonment in community corrections facility not binding on BOP).